**IT IS ORDERED as set forth below:**

**Date: March 30, 2021**

_____

**Jeffery W. Cavender**
**U.S. Bankruptcy Court Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| **DENISE LAWSON SERKEDAKIS** | ) | CASE NO.: **20-67575-JWC** |
| **WILLIAM CONSTANTINE** | ) | |
| **SERKEDAKIS ,** | ) | |
| | ) | |
| Debtors. | ) | |

**ORDER APPROVING EMPLOYMENT OF SPECIAL COUNSEL AND MODIFICATION OF THE PLAN**

On March 17, 2021, Debtors filed an application to employ (Doc. No. 38) the Law Office of Christopher L. Denison ("Special Counsel") to represent them in a claim against West Coast Servicing, LLC (the "Matter"). No notice or hearing on the Application is necessary. Based upon Special Counsel's affidavit, it appears that Special Counsel is an attorney with expertise in the matter in which he is specially engaged and that this case justifies employment of professionals for the purpose

specified. Subject to written objection filed by the United States Trustee, the Chapter 13 Trustee, or any other party in interest in this case within twenty-one (21) days from the date of entry of this Order, it is hereby ORDERED as follows:

1. Pursuant to 11 U.S.C. Section 327(e) and Fed. R. Bank. P. 2014, the employment of Special Counsel to represent Debtors and the Chapter 13 estate with respect to the aforementioned matter is hereby approved;

2. The Matter constitutes property of the estate pursuant to 11 U.S.C. Section 1306;

3. The Chapter 13 plan is hereby modified pursuant to 11 U.S.C. Section 1329 so that any monetary settlement, judgment, or other resolution shall be paid into the Debtors' Chapter 13 plan, unless further Order of this Court;

4. Any compromise, settlement, or other final resolution in regards to the Matter is subject to approval of this Court after notice to all interested parties including the Chapter 13 Trustee, with an opportunity to be heard with regard thereto. Neither Debtors, Debtors' counsel, nor Special Counsel is authorized to settle, compromise, or release any claims without approval of this Court. Fed. R. Bank. P. 9019(a);

5. If the matter is not resolved prior to completion of all regular payments due under the plan or if there is not further Order of this Court, the Trustee may delay filing the Trustee's Notice of Plan Completion until this matter is resolved or the funds are paid into the case;

6. No compensation shall be awarded or paid to Special Counsel until the Court has allowed such compensation in accordance with 11 U.S.C. Sections 330 and 331, and Fed. R. Bankr. P 2016, after notice and hearing on all interested parties including the Chapter 13 Trustee; and

7. Any objection to this Order shall be served on the Debtors, Special Counsel, Counsel for the Debtors, the Chapter 13 Trustee, and the United States Trustee.

The Clerk of the Court is directed to serve this Order on the Chapter 13 Trustee, the United

States Trustee, the Debtors, Special Counsel, and counsel for the Debtors.

**[END OF DOCUMENT]**

PRESENTED BY:

/s/
Jonathan A. Proctor
Georgia Bar No. 890603
The Semrad Law Firm, LLC
235 Peachtree Street NW, Suite 300
Atlanta, Georgia 30303
 (678) 668-7160
**Attorney for the Debtor**

NO OPPOSITION BY:

/s/    *(with express permission)*
Julie M. Anania
Attorney for Nancy J. Whaley
Georgia Bar No.: 477064
303 Peachtree Center Ave.
Suite 120
Atlanta, GA 30303
(678) 992-1201
**Chapter 13 Trustee**